**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2542-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOSE BAYONA-CASTILLO,

    Defendant-Appellant.

_____

Submitted April 28, 2020 – Decided June 19, 2020

Before Judges Hoffman and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 03-01-0067.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Mark Niedziela, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jose Bayona-Castillo appeals from the May 26, 2017 denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant argues the PCR court erred by finding the petition was untimely under Rule 3:22-12 and that he was not entitled to an evidentiary hearing. We affirm.

In January 2003, defendant was charged in an indictment with third-degree possession of controlled dangerous substance (CDS), namely cocaine, N.J.S.A. 2C:35-10(a)(1); second-degree possession of CDS, namely cocaine, with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and (b)(2); fourth-degree possession with intent to distribute drug paraphernalia, N.J.S.A. 2C:36-3; fourth-degree possession of CDS, namely marijuana, N.J.S.A. 2C:35-10(a)(3); and third-degree possession of CDS, namely marijuana, with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and (b)(11).

Several months later, in March 2003, defendant pled guilty to second-degree possession of CDS with intent to distribute. During the plea hearing, defense counsel inquired of defendant whether he was a U.S. citizen. Defendant responded "no" and advised he was a permanent resident.

The court inquired whether defendant had reviewed all of the questions on the plea form with his attorney, whether he understood the questions and whether his answers were truthful. Defendant replied affirmatively and stated

he had signed the plea form voluntarily. He also stated that his plea was uncoerced.

Still addressing defendant, the court stated "I notice you are not a U.S. citizen. What are you, a permanent resident?" Defendant replied "[y]es." The court continued, "You are pleading guilty to a second[-]degree offense. I don't know how that will affect your immigration status; it may affect it, it may not affect it. But my concern is that you are aware that by pleading guilty, you could possibly be deported. Are you aware of that?" Defendant replied "[y]es."

In accordance with the plea agreement, defendant was sentenced to a third-degree sentence of three years of probation, conditioned on his continued attendance at an out-patient substance abuse program and Alcoholics and Narcotics Anonymous meetings. The court also required defendant to remain employed.

After defendant violated his probation in 2004, he was continued on probation and sentenced to 364 days in jail. A subsequent motion to reconsider his sentence was denied. Defendant did not appeal his sentence or conviction.

In 2016, defendant was arrested by the United States Immigration and Customs Enforcement (ICE) and detained, pending removal proceedings as a result of his 2003 conviction. He retained counsel and filed a PCR petition.

In his initial petition, defendant asserted his plea counsel failed to challenge the execution of a knock and announce warrant and to file a suppression motion regarding the cocaine recovered during the subsequent search of his home. He argued excusable neglect existed for the late filing of the PCR petition because he was unaware of any immigration issues until he was taken into custody by ICE.

During oral argument on the petition, PCR counsel raised an additional issue for the first time. He stated that Passaic County Sheriff's Detective Richard DiCarlo, who was involved in the execution of defendant's search warrant, was terminated from his employment for corruption. Counsel had no further information. In addition, PCR counsel argued defendant was not properly advised by trial counsel regarding the immigration consequences of his guilty plea.

The court reserved its decision, permitting counsel to submit supplemental papers regarding the newly-raised issue concerning DiCarlo. When the parties reconvened several months later, in May 2017, for a second oral argument, PCR counsel produced a newspaper article describing the circumstances surrounding DiCarlo's arrest. According to the article, DiCarlo had stolen cocaine from a K-9 training facility locker. DiCarlo pleaded guilty to a possession charge and was

terminated from the sheriff's department. PCR counsel argued that as a member of the team that conducted the search of defendant's home, DiCarlo could have planted the cocaine that was found.

In response, the prosecutor represented she had spoken with Detective Antonio Urena who authored the report documenting the search. Now a lieutenant, Urena stated DiCarlo was not involved with the search of defendant or his home. DiCarlo's only responsibility as a member of the Passaic County Sheriff's Emergency Response Team (SERT) was to gain entry and secure the premises.

The PCR court issued a comprehensive well-reasoned oral decision on May 18, 2017. The court concluded that defendant had not demonstrated excusable neglect for the twelve-and-a-half-year delay in filing his PCR petition. Therefore, the application was barred under Rule 3:22-12.

Nonetheless, the PCR court considered the petition on its merits. In reasoning that the circumstances here were governed by Nunez-Valdez, the court found defendant had acknowledged in answering question number seventeen on the plea form that he could be deported as a result of his guilty plea. State v. Nunez-Valdez, 200 N.J. 129 (2009). In addition, the plea judge advised defendant he could be deported based on his plea. Therefore, the PCR

court concluded defendant was not given incorrect advice or misleading information regarding any immigration consequences.

In considering the assertions regarding DiCarlo, the PCR court noted there were twenty-four officers involved in the search of defendant and his home, thirteen from the prosecutor's narcotics task force and eleven, including DiCarlo, from SERT. DiCarlo was not named in the report as an individual who searched and recovered the illegal substances from defendant's house. There was no evidence that DiCarlo planted evidence or engaged in any wrongdoing in this matter. Because defendant failed to establish a prima facie case of ineffective assistance of counsel, the court denied the request for an evidentiary hearing.[1]

On appeal, defendant raises the following issues for our consideration:

> POINT ONE
> THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED REGARDING THE SUBSTANCE OF THE ADVICE PROVIDED TO DEFENDANT REGARDING DEPORTATION.
>
> POINT TWO
> THE PCR COURT ERRED IN FAILING TO FIND EXCUSABLE NEGLECT EXISTED FOR DEFENDANT'S LATE FILING AS HE WAS NOT

---

[1] The court also rejected defendant's arguments that his trial counsel was ineffective in failing to challenge the knock and announce warrant and to file a suppression motion. These rulings are not a subject of this appeal.

AWARE HE HAD A NEED TO FILE FOR POST-CONVICTION RELIEF UNTIL HE WAS DETAINED BY IMMIGRATION.

POINT THREE
DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING TO DETERMINE IF THE STATE HAD KNOWLEDGE OF DETECTIVE DICARLO'S MISCONDUCT PRIOR TO DEFENDANT PLEADING GUILTY AND BEING SENTENCED.

The standard for determining whether trial counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987).

In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test establishing both that: 1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and 2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694.

A first petition for PCR must be filed within five years of the date of the judgment of conviction. R. 3:22-12(a)(1). A late filing may be considered if

A-2542-17T1

the petition itself shows excusable neglect for the late filing and that a fundamental injustice will result if defendant's claims are not considered on their merits. R. 3:22-12(a)(1)(A). In addition, Rule 3:22-12(a)(2)(B) allows for a petition to be filed within one year of the "date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence . . . ."

To establish "excusable neglect," a defendant must demonstrate "more than simply . . . a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). Factors to be considered include "the extent and cause of the delay, the prejudice to the State, and the importance of the [defendant's] claim in determining whether there has been an 'injustice' sufficient to relax the time limits." State v. Afanador, 151 N.J. 41, 52 (1997) (citation omitted).

"Absent compelling, extenuating circumstances, the burden to justify filing a petition after the five-year period will increase with the extent of the delay." Ibid. "Where the deficient representation of counsel affected 'a determination of guilt or otherwise wrought a miscarriage of justice,' a procedural rule otherwise barring post-conviction relief may be overlooked to

avoid a fundamental injustice." State v. Brewster, 429 N.J. Super. 387, 400 (App. Div. 2013) (citation omitted).

Defendant's petition was filed almost thirteen years after his guilty plea. During the plea hearing, defense counsel and the court both advised defendant that his guilty plea could affect his immigration status. Defendant stated he understood there could be ramifications but nevertheless he was voluntarily choosing to plead guilty. Despite the advice of the court and counsel, defendant did not seek any further guidance for more than twelve years and then only after ICE arrested him. We are satisfied he has not demonstrated excusable neglect to overcome the time bar under Rule 3:22-12.

Defendant has also failed to establish a prima facie case of ineffective assistance of counsel. As the PCR court properly noted, defendant was subject to the Nunez-Valdez standard – allowing a defendant to establish the ineffective assistance of counsel by proving his guilty plea resulted from "inaccurate information from counsel concerning the deportation consequences of his plea." 200 N.J. at 143.

Defendant does not assert he was given inaccurate information from trial counsel. To the contrary, both trial counsel and the court advised him during the plea hearing that he could be deported because of his guilty plea.

We discern no merit to defendant's assertion that an evidentiary hearing is required to explore whether the State had evidence of DiCarlo's misconduct prior to defendant's plea hearing. Defendant argues:

> If evidence Detective DiCarlo stole cocaine from a training locker had been disclosed to defendant prior to his guilty plea, the outcome of his matter would have been different, and the charges dismissed, because DiCarlo would not have been able to testify at a potential trial due to his termination from the Sheriff's Department.

There is no factual basis for this contention. As the PCR court stated, DiCarlo was one of twenty-four officers involved in the execution of the search warrant. He was only listed on the investigative arrest report as a member of SERT. The report did not list DiCarlo as an officer involved in the actual search. There is no evidence DiCarlo recovered the seized evidence from defendant's residence or that he was a necessary witness.

Defendant has not demonstrated a reasonable likelihood that his claim will succeed on the merits. As he failed to establish a prima facie case of ineffectiveness of counsel, we discern no error in the denial of an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2542-17T1